**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6524**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO MUJICA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:09-cr-00015-SGW-RSB-1; 5:12-cv-80452-SGW-RSB)

Submitted: June 10, 2013              Decided: June 12, 2013

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Sergio Mujica, Appellant Pro Se. Sharon Burnham, Craig Jon Jacobsen, I, Assistant United States Attorneys, Roanoke, Virginia; Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Mujica seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. For the reasons that follow, we remand to the district court.

In civil cases in which the United States or its officer or agency is a party, parties have sixty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). A district court may extend the time to appeal upon a motion filed within thirty days after expiration of the prescribed time and a showing of excusable neglect or good cause. This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was filed and entered on its docket on January 24, 2013. The district court received Mujica's undated notice of appeal on April 4, 2013. The notice came in an envelope postmarked April 1, 2013.[*] Accompanying the notice was Mujica's request for a copy of the court's order denying his § 2255 motion. The request was dated March 30, 2013. The notice of appeal was received after the sixty-day

_____

[*] For the purpose of this appeal, we assume that the date of the postmark is the filing date. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

appeal period expired but before the expiration of the thirty-day excusable neglect period. In the request accompanying the notice of appeal, Mujica stated that he had been in transit, transferring from one prison to another and that during that time it is the Bureau of Prisons' policy not to give him access to litigation material. He also stated that he learned that his § 2255 motion was denied. He further noted that if his notice of appeal was late to "please advise me how I may proceed to get an appeal." We liberally construe Mujica's notice and the accompanying request as a motion for an extension of time to file his appeal.

Because the notice of appeal was filed within the excusable neglect period and because the district court has not ruled on the motion for an extension, we remand this case to the district court for the limited purpose of enabling the district court to determine whether Mujica has shown excusable neglect or good cause warranting an extension of the sixty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

REMANDED